COMMONWEALTH *vs.* SETH KEITH.

A conviction of larceny before a justice of the peace, in a case within his jurisdic-
tion, and a performance of the sentence, render the convict an incompetent witness,
although the complaint, on which the justice proceeded, was so defective that
judgment might have been arrested, or reversed on error.

THIS was a complaint made to a justice of the peace, charg-
ing the defendant with selling spiritous liquor, without license,
to Samuel Wood, on the 4th of June 1844.  At the trial in
the court of common pleas, before *Ward,* J. the said Wood was
called as a witness in behalf of the Commonwealth; and the
defendant thereupon produced in evidence a copy of the record
of said court, at the December term, in 1841, showing that said
Wood was then convicted of having unlawfully, willfully and
maliciously, maimed and disfigured a cow and a horse, the prop-
erty of Richard Hixon, and that he was, on said conviction,
sentenced to confinement at hard labor, for the term of three
months, in the house of correction in Dedham.  The defend-
ant also produced in evidence a copy of the record of a justice
of the peace, showing that said Wood, on the 12th of June
1841, was brought before said justice, on a complaint made
against him, by Richard Hixon, for larceny; that he pleaded to
said complaint that he was guilty, and that he was thereupon
sentenced, by said justice, to be " committed to the house of
correction in Dedham, there to be put to hard labor for the term
of twenty days."  It was also shown that said Wood was im-
prisoned according to said sentence.  The complaint, on which
said conviction was had, alleged that, "some time within four
weeks last past, one new hoe, of the value of forty cents, the
property of said Hixon, was feloniously stolen, taken and carried
away, from the barn of said Hixon at Sharon; and that he hath
probable cause to suspect that said Samuel Wood did steal,
take and carry away said hoe."  The defendant contended that
said Wood was rendered an incompetent witness by this last
conviction; but the judge ruled otherwise, and admitted said
Wood to testify.  The defendant also contended that both said

records should be offered in evidence to the jury, to affect the credibility of said Wood; but the judge ruled otherwise.

The jury found the defendant guilty, and he thereupon alleged exceptions to said rulings.

*E. Ames*, for the defendant. Though the conviction of lar· ceny might, perhaps, have been reversed, for a defect in the complaint, (*Commonwealth* v. *Phillips*, 16 Pick. 211,) yet as Wood submitted to the sentence and performed it, it cannot be impeached collaterally by the Commonwealth. *Commonwealth* v. *Loud*, 3 Met. 328.

*Wilkinson*, (District Attorney,) for the Commonwealth. The conviction of larceny was a nullity as to legal effect. *Commonwealth* v. *Phillips*, 16 Pick. 211. 1 Stark. Ev. (7th Amer. ed.) 96. The case of *Commonwealth* v. *Loud* merely decides that the government is estopped to prosecute anew, after sentence on a void conviction has been performed. But the consent of a party to be punished without law should not deprive the Commonwealth, nor its citizens, of his testimony.

SHAW, C. J. The court are of opinion, that the conviction of the witness before a justice of the peace, for felony, rendered the witness incompetent. The conviction in the court of common pleas was not for felony. The case of larceny before the justice was a simple larceny, for stealing property of less value than five dollars, and therefore was a case in which the magistrate had jurisdiction to hear, decide, and award sentence. Rev. Sts. *c.* 143, § 5.

It was objected to this conviction, that it was erroneous, because the complainant set forth, by a positive averment, that his property had been stolen, and that he *suspected* the party charged, without a positive averment; and this is supposed to be erroneous, on the authority of *Commonwealth* v. *Phillips*, 16 Pick. 211. It is true that this might be a ground on which the court might have arrested the judgment, or on which the convict himself might have had error to reverse it. But, having submitted to it, and suffered the punishment, a different rule prevails. It is not a nullity, as a judgment of a tribunal having no jurisdiction, but simply an erroneous or irregular judgment,

to stand good till reversed. *Commonwealth* v. *Loud,* 3 Met. 328. When the party himself who has submitted, and suffered the punishment, takes no measure to reverse the judgment, a third party cannot question its validity, in a collateral proceeding. And there is good reason for this ; for any other course would produce a confusion of jurisdiction. A judgment given by one having no jurisdiction of the subject would be merelv void, and might be shown to be so, whenever offered.

*New trial granted.*